Rebecca and Travis Fisher
fisherwild@aol.com
220 Newt Gulch Rd
Wilderville, OR 97543
541-660-4623

FILED'11 AUG 12 14:45USDC-ORM

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| **REBECCA FISHER and TRAVIS FISHER,** | # 11-3093-CL |
| Plaintiffs, | **VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| v. | |
| **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS") a Delaware Corporation ;** | 1) **WRONGFUL FORECLOSURE;** <br> 2) **DECLARATORY JUDGMENT;** <br> 3) **PRELIMINARY INJUNCTION.** |
| **RECONTRUST COMPANY, N.A., ("ReconTrust") a wholly owned subsidiary of Bank of America Corporation ("BAC") a Delaware Corporation;** | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## I. COMPLAINT

COMES NOW Rebecca and Travis Fisher, hereinafter referred to as "Plaintiffs", and for claim of relief and damages against the above named defendants and states:

## II. PARTIES, JURISDICTION, and VENUE

1.      Plaintiffs reside (principle residence) in Josephine County, Oregon at the commonly known address of: 220 Newt Gulch Rd., Wilderville, OR 97543 ("Fisher Property") which is within this district. The Fisher Property and its real beneficiary is the subject of dispute and the Court has personal jurisdiction over each of the parties as alleged throughout this Complaint.

ORIGINAL COMPLAINT - 1 Final-1

# 2584

2. The Fisher Property is worth well in excess of $75,000 as listed in Deed of Trust (Offer of Proof: Exhibit 1 True Copy of Deed of Trust, pg 1). This valuation alone does not include money damages, punitive and otherwise as a result of actions taken by defendants.

3. On information and belief, defendant Mortgage Electronic Registration Systems, Inc., ("MERS") is a Delaware corporation.

4. On information and belief, defendant ReconTrust Company, N.A. ("ReconTrust") is a wholly-owned subsidiary of Bank of America, N.A. ("BANA") which is a wholly subsidiary of BANA Holding Corporation., which is a wholly-owned subsidiary of NB Holdings Corporation., which is a wholly-owned subsidiary of Bank of America Corporation ("BAC") which is a Delaware corporation.

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1332.

## GENERAL FACTUAL ALLEGATIONS

1. Plaintiffs entered into an agreement for a home loan in October of 2006. The one and only lender (beneficiary) on the promissory note and deed of trust was GreenPoint Mortgage Funding, Inc. ("GRNPT") (Offer of Proof: Exhibit 1 True Copy of Deed of Trust, pg1).

2. Ticor Title is listed as the "Trustee" (Exhibit 1, bottom of pg1).

3. The Deed further defines "the note" as: ""Note" means the promissory note signed by Borrower [plaintiffs] and dated October 23, 2006. The Note states that Borrower owes **Lender** [GRNPT] five hundred ten thousand and 00/100 Dollars." (Exhibit 1, pg2 of 16 § (F)). Thus, the Deed defines GRNPT as the lender again AND that plaintiffs owe GRNPT for the loan.

4. MERS is stated in the deed to be "the beneficiary under this Security Instrument." yet MERS is also defined as "acting solely as a nominee for Lender" (Exhibit 1, pg2 of 16 § (E)).

5. ""Loan" means the debt evidenced by the Note plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest."

ORIGINAL COMPLAINT - 2 Final-1

(Exhibit 1, pg2 of 16 § (H)). Since GRNPT is the lender to which the debt is owned, it is clear that GRNPT is the only beneficiary and MERS is solely "acting as a nominee".

6. The promissory note lists only GRNPT as the Lender and is thus the only true beneficiary (Offer of Proof: Exhibit 2 True Copy of Promissory Note pg 1, ¶ 1). MERS is not listed on the Note.

7. On March 5 2010, defendant MERS filed with the Josephine County Clerk ("JoCo") an Assignment of Deed of Trust, which purports to transfer the Fisher Property deed to "*Lasalle Bank National Association, as Trustee, for The Certificateholders of Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-2, c/o BAC Home Loans Servicing, LP*" (Offer of Proof: Exhibit 3 True Copy of Assignment of Deed of Trust).

8. On March 5, 2010, Lasalle Bank National Association filed with JoCo an Appointment of Successor Trustee naming ReconTrust Company, N.A. ("ReconTrust") as the new Trustee. (Offer of Proof: Exhibit 4 True Copy of Assignment of Successor Trustee).

9. On March 5, 2010, ReconTrust filed a Notice of Default and Election to Sell ("NOD") with JoCo (Offer of Proof: Exhibit 5 True Copy of Notice of Default).

10. On August 10, 2010, ReconTrust filed a Notice of Sale Proof of Compliance document with JoCo (Offer of Proof: Exhibit 6 True Copy of Notice of Sale Proof of Compliance).

11. On October 18, 2010, ReconTrust filed a Rescission of Notice of Default document with JoCo (Offer of Proof: Exhibit 7 True Copy of Rescission of Notice of Default).

12. Defendants filed a 2nd Notice of Default and Election to Sell ("NOD") document with JoCo on April 27, 2011 (Offer of Proof: Exhibit 8 True Copy of NOD).

## COUNT ONE: UNLAWFUL FORECLOSURE

13. The details of this case closely mirror those in that of Hooker v. MERS 10-03111-PA. Dist. Court, D. Oregon 2011. For example, the original Deed of Trust in this case as well as Hooker are

the same "OREGON – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS Form 3038 1/01" as can be seen at the bottom of page 1 of each Deed of Trust.

14. MERS has no authority/right to assign the deed of trust or to initiate a foreclosure. MERS did not loan any money to the plaintiffs and has never received any payments from the plaintiffs. MERS is not listed on the promissory note. The one and only real beneficiary was the lender GRNPT as listed on the promissory note and deed. There are no records at JoCo initiated by GRNPT assigning or re-assigning the promissory note and deed to any other party. Thus only GRNPT has the right and authority to perform any actions relative to the note and deed. Since none of the defendants in this case are listed on the promissory note, none of the defendants have the authority to perform a foreclosure or make assignments to the deed of trust.

15. Hooker v. MERS, order pg 6 (May 25, 2011) states: "The deed makes clear that MERS is not "the person for whose benefit a trust deed is given," ORS 86.705(1). Instead, the trust deed confirms that GN [the lender], not MERS, as "Lender." All payments on the loan are owed to GN [lender], not MERS. GN [lender], not MERS, "may invoke the power of sale and any other remedies permitted by Applicable Law.""

16. "While the trust deed lists MERS as the nominal beneficiary, the trust deed does not authorize MERS to take any actions on its own behalf. First, MERS holds only legal title to the trust deed. Second, MERS acts solely as nominee for GN [lender]. Finally, MERS may act as GN's [lender] nominee only "if necessary to comply with the law or custom[.]" The trust deed emphasizes that MERS is not the beneficiary, but rather the nominee or agent of the lender. Because the trust deed clearly demonstrates GN [lender] and not MERS, is the person whose benefit the trust deed was given, GN [lender] (or its successor in interest) is the beneficiary of the trust deed. ORS 86.705(1);" Hooker v. MERS, order pgs 6-7 (May 25, 2011).

ORIGINAL COMPLAINT - 4 Final-1

17. "If there were transfers of the beneficial interest in the trust deed, defendants were required to record those transfers prior to initiating a non-judicial foreclosure in the manner provided in ORS 86.740 to 86.755. ORS 86.735(1)." Hooker v. MERS, order pg 9 (May 25, 2011).

18. "I agree with Judge Alley that "Oregon law permits foreclosure without the benefit of a judicial proceeding only when the interest of the beneficiary is clearly documented in a public record."" Hooker v. MERS, order pg 16 (May 25, 2011).

19. "In Oregon, a trustee may conduct a non-judicial foreclosure sale only if:

> The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated . . . ORS 86.735(1)"
> Hooker v. MERS, order pg 7 (May 25, 2011).

20. "In short, the MERS system allows the lender to shirk its traditional due diligence duties. The requirement under Oregon law that all assignments be recorded prior to a non-judicial foreclosure is sound public policy:" Hooker v. MERS, order pg 15 (May 25, 2011).

## COUNT TWO: DECLARATORY JUDGEMENT

21. This is an action for Declaratory Judgment

22. It is clear that defendants violated the Oregon Trust Deed Act by failing to record all assignments of the trust deed. There is no record of GRNPT assigning MERS, LaSalle Bank or any other other entity to have authority to bring a foreclosure action or similar. "Plaintiffs are entitled to a declaratory judgment stating defendants violated ORS 86.735(1)." Hooker v. MERS, order pg 16 (May 25, 2011).

23. Plaintiffs request an injunction be granted until such time that discovery and or an accounting process can be used to validate the standing issue of defendants and therefore fully allow this court to adjudicate this case.

ORIGINAL COMPLAINT - 5 Final-1

24. Wherefore plaintiffs ask for quiet title and monetary damages and or such other relief as may be reasonable and just under the circumstances including plaintiffs time and other resources required to contest defendants actions.

Dated this 12 day of August, 2011.

_Rebecca L. Fisher_
Rebecca Fisher.

_[signature]_
Travis Fisher.

ORIGINAL COMPLAINT - 6 Final-1

# VERIFICATION

STATE OF OREGON
COUNTY OF JOSEPHINE

    BEFORE ME personally appeared Rebecca Fisher and Travis Fisher, being by me first duly sworn and identified in accordance with Oregon law, deposes and says:

1. Our names are Rebecca Fisher and Travis Fisher, plaintiffs herein.

2. We hereby declare under penalty of perjury that we have read and understood the documents listed below and filed herein, and each fact alleged therein is true and correct of my own personal knowledge.

Original Petition/Complaint
Exhibits 1-8

_____
Rebecca Fisher, Affiant

_____
Travis Fisher, Affiant

SWORN TO and subscribed before me this 12th day of August, 2011.

_____
Notary Public
My Commission expires: Dec. 18th, 2014


OFFICIAL SEAL
MELISSA LYNN WOOD
NOTARY PUBLIC-OREGON
COMMISSION NO. 454305
MY COMMISSION EXPIRES DECEMBER 18, 2014

VERIFICATION-Final                                 Case No.