# Exhibit 2
## True Copy



# InterestFirst℠ NOTE

October 23, 2006        **Grants Pass**        **Oregon**
[Date]                 [City]                 [State]

**220 Newt Gulch Road, Wilderville, OR  97543**
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$ 510,000.00**       (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **GreenPoint Mortgage Funding, Inc.**

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of      **7.250 %.**

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will make a payment every month. This payment will be for interest only for the first **120**     months, and then will consist of principal and interest.

I will make my monthly payment on the **1st**     day of each month beginning on **December 1, 2006**     . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest it will be applied to interest before Principal. If, on **November 1, 2036**     , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **P.O. Box 79363, City of Industry, CA 91716-9363**

                              or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. **$ 3,081.25**     for the first **120**     months of this Note, and thereafter will be in the amount of U.S. **$ 4,030.92**     . The Note Holder will notify me prior to the date of change in monthly payment.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment

0090972134

**MULTISTATE InterestFirst FIXED RATE NOTE-Single Family-Fannie Mae UNIFORM INSTRUMENT**

 **-836N** (0210)      **Form 3271 1/01**
      VMP MORTGAGE FORMS - (800)521-7291

Page 1 of 3

unless the Note Holder agrees in writing to those changes. However, if the partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest as well as during the time that my payments consist of principal and interest. If the partial Prepayment is made during the period when my payments consist of principal and interest, the amount of my monthly payment will not decrease; however, the principal and the interest required under this Note will be paid prior to the Maturity Date.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15          calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be          5.000% of my overdue payment of interest and/or principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

0090972134

Form 3271 1/01

-836N (0210)                    Page 2 of 3

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
**Travis W Fisher**                 -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

*[Sign Original Only]*

**0090972134**

 **-836N** (0210)
®

Page 3 of 3

**Form 3271 1/01**

# Exhibit 3
## True Copy



**TICOR TITLE**
26-*1000324*

AFTER RECORDING RETURN TO:

**Foreclosure Department**
**RECONTRUST COMPANY, N.A.**
**1800 Tapo Canyon Rd., CA6-914-01-94**
**SIMI VALLEY, CA 93063**
TS No. 10 -0024410

## ASSIGNMENT OF DEED OF TRUST

For Valuable Consideration, the undersigned as Beneficiary, hereby grants, conveys, assigns, and transfers to LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE CERTIFICATEHOLDERS OF WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-2, C/O BAC HOME LOANS SERVICING, LP, 400 COUNTRYWIDE WAY SV-35, SIMI VALLEY, CA 93065, all beneficial interest under that certain Deed of Trust, dated 10/23/2006, executed by TRAVIS W FISHER AND REBECCA L. FISHER, AS TENANTS BY THE ENTIRETY, Grantor(s), to TICOR TITLE, Trustee, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Beneficiary, recorded on 10/30/2006 as Recorder's fee/file/instrument/microfilm/reception number 2006-021675, Records of Josephine County, Oregon, describing land. There in: as more fully described in said Deed of Trust.
Together with note or notes therein described or referred to, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated _____ 03 · 02 , 20 10 .

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

State of _____ **CALIFORNIA** _____ )
                                       ) ss
County of _____ **VENTURA** _____ )

By: _____
**CHRISTINA BALANDRAN** Assistant Secretary

On _____ MAR 0 2 2010 _____, before me, _____ **JANET L. KOCH** _____, notary public, personally appeared
___ **CHRISTINA BALANDRAN** ___, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Notary Public in and for the State of ___ **CALIFORNIA**
Residing at _____ **VENTURA**
My Commission Expires: _OCT 29, 2011_

JANET L. KOCH
Commission # 1776832
Notary Public - California
Ventura County
My Comm. Expires Oct 29, 2011

*Mortgage Electronic Registration Systems, Inc.*

JOSEPHINE COUNTY OFFICIAL RECORDS
ART HARVEY, COUNTY CLERK **2010-002838**
MTG-ATD
Cnt=1 Pgs=1 Stn=1 JEDWARDS 03/05/2010 03:14 PM
$5.00 $11.00 $15.00 $8.00 $5.00          Total:$44.00

0024591620100002838010013

I, Art Harvey, County Clerk, certify that the within document was received and duly recorded in the official records of Josephine County.

# Exhibit 4
## True Copy

JOSEPHINE COUNTY OFFICIAL RECORDS
ART HARVEY, COUNTY CLERK **2010-002839**
MTG-AST
Cnt=1 Pgs=1 Stn=1 JEDWARDS 03/05/2010 03:14 PM
$5.00 $11.00 $15.00 $8.00 $5.00          Total:$44.00

0024591720100002839001001 0

I, Art Harvey, County Clerk, certify that the within document
was received and duly recorded in the official records of
Josephine County.



TICOR TITLE
26-1000324 ITM

## APPOINTMENT OF SUCCESSOR TRUSTEE

KNOW ALL MEN BY THESE PRESENTS, that Travis W Fisher And Rebecca L. Fisher, As Tenants By The Entirety, as grantor(s), and Ticor Title, as the Trustee, and Mortgage Electronic Registration Systems, Inc., is the Beneficiary under that certain Trust Deed dated 10/23/2006, and recorded 10/30/2006, as Recorder's fee/file/instrument/microfilm/reception No. 2006-021675 of the Mortgage Records of Josephine County, Oregon. The undersigned, who is the present Beneficiary under said Trust Deed desires to appoint a new trustee in the place and stead of the original trustee named above;

NOW THEREFORE, in view of the premises, the undersigned hereby appoints RECONTRUST COMPANY, N.A., whose address is 1800 Tapo Canyon Rd., CA6-914-01-94 SIMI VALLEY, CA 93063 as successor trustee under said Trust Deed, to have all the powers of said original trustee, effective immediately.

In construing this instrument, and whenever the context so requires, the singular includes the plural.

IN WITNESS WHEREOF, the undersigned Beneficiary has executed this document. If the undersigned is a corporation, it has caused its name to be signed and its seal affixed by an officer or other person duly authorized to do so by its board of directors.

DATED: __03-02__, 2010.      LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE CERTIFICATEHOLDERS OF WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-2

By_____
Name:  **CHRISTINA BALANDRAN**
Title:

STATE OF **CALIFORNIA** _____)
                                          ) ss.
County of _____**VENTURA**_____)

On ___**MAR 0 2 2010**_____, before me, _____**JANET L. KOCH**_____, personally appeared **CHRISTINA BALANDRAN**_____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Janet L Koch_____
Notary Public for _____**CALIFORNIA**_____        (SEAL)
My commission expires: __Oct 29, 2011__

| APPOINTMENT OF SUCCESSOR TRUSTEE |
| --- |
| RE: Trust Deed from |
| TRAVIS W FISHER and REBECCA L. FISHER |
| Grantor |
| To |
| RECONTRUST COMPANY, N.A. |
| Trustee TS No. 10 -0024410 |

**JANET L. KOCH**
Commission # 1776832
Notary Public - California
Ventura County
My Comm. Expires Oct 29, 2011

**After recording return to:**
RECONTRUST COMPANY, N.A.
C/O RECONTRUST COMPANY, N.A.
400 COUNTRYWIDE WAY  SV-35
SIMI VALLEY, CA 93065

LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE CERTIFICATEHOLDERS OF WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WMALT SERIES 2007-2

*ORAPTOFSUC.doc (07/07)*

2010-002839

# Exhibit 5

## True Copy

 **TICOR TITLE**

.26-_1000324_ 170

JOSEPHINE COUNTY OFFICIAL RECORDS
ART HARVEY, COUNTY CLERK  **2010-002840**

MTG-DES
Cnt=1 Pgs=3 Stn=1 JEDWARDS 03/05/2010 03:14 PM
$15.00 $11.00 $15.00 $8.00 $5.00       Total:$54.00



0024591820100002840030031

I, Art Harvey, County Clerk, certify that the within document
was received and duly recorded in the official records of
Josephine County.

After recording return to:
Attn: Foreclosure Department
RECONTRUST COMPANY, N.A.
400 COUNTRYWIDE WAY SV-35
SIMI VALLEY, CA 93065

## NOTICE OF DEFAULT AND ELECTION TO SELL

Reference is made to that certain Trust Deed made by TRAVIS W FISHER AND REBECCA L. FISHER, AS TENANTS BY THE ENTIRETY, as grantors, to TICOR TITLE, as Trustee, in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Beneficiary, dated 10/23/2006, recorded 10/30/2006, in the mortgage records of Josephine County, Oregon, as Recorder's fee/file/instrument/microfilm/reception Number 2006-021675, covering the following described real property situated in said county and state, to wit:

SEE ATTACHED FOR LEGAL DESCRIPTION

PROPERTY ADDRESS:  220 NEWT GULCH ROAD
                   WILDERVILLE, OR 97543

There is default by the grantor or other person, or by their successor in interest, owing an obligation, the performance of which is secured by said Trust Deed, or by their successor in interest, with respect to provisions therein which authorize sale in the event of default of such provision. The default for which foreclosure is made is grantors' failure to pay when due the following sums: monthly payments of $3,288.07 beginning 03/01/2009; plus late charges of $154.00 each month beginning 03/01/2009 payment plus prior accrued late charges of $ 308.00; plus advances of $135.00; together with title expense, costs, trustee's fees and attorney's fees incurred herein by reason of said default; and any further sums advanced by the Beneficiary for the protection of the above described real property and its interest therein.

By reason of said default, the Beneficiary has declared all sums owing on the obligation secured by said Trust Deed immediately due and payable, said sums being the following, to wit: $509,794.82 with interest thereon at the rate of 7.25 percent per annum beginning 02/01/2009 plus late charges of $154.00 each month beginning 03/01/2009 until paid; plus prior accrued late charges of $-308.00; plus advances of $135.00; together with title expense, costs, trustee's fees and attorney's fees incurred herein by reason of said default; and any further sums advanced by the Beneficiary for the protection of the above described real property and its interest therein.

| NOTICE OF DEFAULT AND ELECTION TO SELL<br>RE: Trust Deed from<br>**TRAVIS W FISHER,**<br>      **Grantor**<br>      **To**<br>**RECONTRUST COMPANY, N.A.,**<br>      **Trustee**      **TS No. 10 -0024410** | **For Additional Information:**<br>**Please Contact**<br>**Foreclosure Department**<br>**RECONTRUST COMPANY, N.A.**<br>**RECONTRUST COMPANY, N.A.**<br>**1800 Tapo Canyon Rd., CA6-914-01-94**<br>**SIMI VALLEY, CA 93063**<br>**(800)-281-8219** |
|---|---|

Notice is hereby given that the Beneficiary and Trustee, by reason of said default, have elected and do hereby elect to foreclose the Trust Deed by advertisement and sale pursuant to ORS 86.705 to 86.795, and to cause to be sold at public auction to the highest bidder for cash the interest in the described property which the grantor had, or had the power to convey, at the time the grantor executed the Trust Deed, together with any interest the grantor or grantor's successors in interest acquired after the execution of the Trust Deed, to satisfy the obligations secured by the Trust Deed and the expenses of the sale, including the compensations of the Trustee as provided by law, and reasonable fees of Trustee's attorneys.

Page 1 of 2                                      *ORNOD.doc (01/10)*

The sale will be held at the hour of 10:00 AM , in accordance with the standard of time established by ORS 187.110 on Tuesday, July 06, 2010, at the following place: inside the main lobby of the Josephine County Courthouse, 500 NW 6th ( 6th and C), Grants Pass, Josephine County, OR
, which is the hour, date and place last set for the sale.

Notice is further given that any person named in ORS 86.753 has the right, at any time prior to five days before the date last set for the sale, to have this foreclosure proceeding dismissed and the Trust Deed reinstated by payment to the Beneficiary of the entire amount then due (other than such portion of the principal as would not then be due had no default occurred) and by curing every other default complained of herein by tendering the performance required under the obligation or Trust Deed, in addition to paying said sums or tendering the performance necessary to cure the default, by paying all costs and expenses actually incurred in enforcing the obligation and Trust Deed, together with trustee's and attorney's fees not exceeding the amounts provided by ORS 86.753.

In constructing this notice, the singular includes the plural, the word "grantor" includes any successor in interest to the grantor as well as any other person owing an obligation, the performance of which is secured by said Trust Deed, and the words "Trustee" and "Beneficiary" include their respective successors in interest, if any.

RECONTRUST COMPANY, N.A.

_Heidi Recinos_

Heidi Recinos,  Team Member

STATE OF   **CALIFORNIA**                )
                                                              ) ss.
COUNTY OF   **VENTURA**                )

On   **MAR 0 2 2010**               , before me,   **JANET L. KOCH**               , notary public, personally appeared   **HEIDI RECINOS**               , personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Janet L. Koch_

Notary Public for   **CALIFORNIA**
My commission expires:   _Oct 29, 2011_               (SEAL)

JANET L. KOCH
Commission # 1776832
Notary Public - California
Ventura County
My Comm. Expires Oct 29, 2011

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  HOWEVER IF YOU HAVE OR ARE IN THE PROCESS OF OBTAINING DISCHARGE OF THE DEBT FROM A BANKRUPTCY COURT, THIS DOCUMENT IS NOT AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF LIEN RIGHTS AGAINST THE PROPERTY.**

2010-002840

54



TS#10-0024410

### EXHIBIT "A"

### LEGAL DESCRIPTION

Beginning at the intersection of the West right of way line of the County Road and the South line of the Southeast Quarter of the Northwest Quarter of Section 9, Township 37 South, Range 7 West of the Willamette Meridian, Josephine County, Oregon, said point being 75.6 feet West of the center of said Section 9; thence South 89°35'45" West 1260.57 feet to the Southwest corner of the Southeast Quarter of the Northwest Quarter of said Section 9; thence North 0°49'30" East 333.64 feet; thence North 89°36'45" East 1120.75 feet to the West right of way line of the County Road; thence South 22°39' East 362 feet along the West right of way line of said County Road to the point of beginning.

### END OF LEGAL DESCRIPTION

54