**Pilar C. French**, OSB No. 962880
frenchp@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone:  503.778.2100
Facsimile:  503.778.2200

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **REBECCA FISHER** and **TRAVIS FISHER,**<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS")** a Delaware Corporation**;**<br><br>**RECONTRUST COMPANY, N.A.** ("ReconTrust") a wholly owned subsidiary of Bank of America Corporation ("BAC") a Delaware Corporation,<br><br>　　　　　　　　　　　　Defendants. | Case No. 11-CV-3093-CL<br><br>DEFENDANTS' MEMORANDUM CONCERNING MOOTNESS OF PRELIMINARY INJUNCTIVE RELIEF |

　　　　Plaintiffs Rebecca and Travis Fisher sued to stop a nonjudicial foreclosure.  Defendants canceled the sale and rescinded the notice of default.  Injunctive relief is not needed in these circumstances, and should not be entered, as this Court has held many times in these circumstances.

PAGE 1 -　DEFENDANTS' MEMORANDUM CONCERNING MOOTNESS OF
　　　　　　PRELIMINARY INJUNCTIVE RELIEF

On August 12, 2011, plaintiffs Rebecca and Travis Fisher ("plaintiffs") filed a Complaint purporting to state claims for "wrongful foreclosure," declaratory judgment, and injunctive relief. All of these claims concern a nonjudicial foreclosure conducted by defendant ReconTrust in Josephine County, Oregon. On August 16, 2011, the Court issued an order temporarily restraining a nonjudicial foreclosure sale scheduled for August 31, 2011, and set a hearing to determine whether to issue a preliminary injunction.

Defendants have canceled the nonjudicial foreclosure proceeding. On September 7, 2011, ReconTrust recorded in the Josephine County Recorder's Office a Rescission of Notice of Default (Document No. 2011-010189). (*See* Declaration of Pilar C. French in Support of Memorandum Concerning Preliminary Injunctive Relief ("French Decl.") Ex. 1.) Moreover, defendants have determined that they will not pursue further nonjudicial foreclosure proceedings, but will instead commence a judicial foreclosure action in state court. (*Id.* ¶ 2.)

It is a basic principle of Article III jurisprudence that a claim is moot when a party has received the relief it requests. *See Williams v. GSA*, 905 F.2d 308, 310–11 (9th Cir. 1990) ("the general rule [is] that when actions complained of have been completed or terminated, * * * injunctive actions are precluded by the doctrine of mootness") (quoting *Nevada v. United States*, 699 F.2d 486, 487 (9th Cir. 1983)). Plaintiffs sue to cancel the foreclosure proceeding, and it has been canceled. Thus, the Court should decline to issue injunctive relief, as it has done many times before in the same circumstances. *See Delaney v. OneWest Bank, FSB*, No. 10-977-KL, 2011 WL 1706735 (D. Or. May 5, 2011) (dismissing claims challenging a nonjudicial foreclosure proceeding when defendants elected instead to initiate a judicial foreclosure); *McDaniel v. BAC Home Loans Servicing, LP*, No. 10-CV-6143-HO, 2011 WL 3841588 (D. Or. Aug. 29, 2011) (granting motion to dismiss on mootness grounds when defendants rescinded notice of sale and filed judicial foreclosure); *Tabb v. One West Bank, FSB*, No. 3:10-CV-00855-ST, slip op. at 16-17 (D. Or. Aug. 26, 2011) (French Decl. Ex. 2) (ruling that expiration of time for conducting nonjudicial foreclosure mooted a challenge to the nonjudicial foreclosure);

PAGE 2 -   DEFENDANTS' MEMORANDUM CONCERNING MOOTNESS OF
           PRELIMINARY INJUNCTIVE RELIEF

*see also Sakugawa v. MERS*, No. 10-00028, 2011 U.S. Dist. LEXIS 19368, at *6 (D. Haw. Feb. 25, 2011) (dismissing claims of improper foreclosure on mootness grounds when defendant rescinded the notice of foreclosure and instituted judicial foreclosure proceedings); *Rafferty v. Chase Manhattan Mortg. Corp.*, No. 97-55345, 1998 U.S. App. LEXIS 10739, at *2 (9th Cir. 1998) (unpublished) (holding that an appeal of an order dismissing an improper nonjudicial foreclosure claim was moot because defendants rescinded the nonjudicial foreclosure proceedings).[1]

DATED:  September 12, 2011

                                                    LANE POWELL PC

                                                    By  /s/ Pilar C. French
                                                       Pilar C. French, OSB No. 962880
                                                       Telephone:  503.778.2170
                                                  Attorneys for Defendants

---

[1] In taking the actions they did, defendants do not concede that *Hooker v. Northwest Trustee Services, Inc.*, 2011 WL 2119103 (D. Or. May 25, 2011), upon which plaintiffs principally rely in their Complaint, and which is on appeal to the Ninth Circuit, was correctly decided. Defendants maintain that MERS may serve as nominee beneficiary both for the original lender and for its successors and assigns, and that the Oregon Trust Deed Act does not require that transfers of the *promissory note* be recorded, as long as the foreclosing party possesses both the deed of trust and the beneficial interest in the loan when foreclosing.

PAGE 3 -  DEFENDANTS' MEMORANDUM CONCERNING MOOTNESS OF
             PRELIMINARY INJUNCTIVE RELIEF

# CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2011, I caused to be served a copy of the foregoing DEFENDANTS' MEMORANDUM CONCERNING MOOTNESS OF PRELIMINARY INJUNCTIVE RELIEF on the following person(s) in the manner indicated below at the following address(es):

Rebecca and Travis Fisher
220 Newt Gulch Road
Wilderville, OR  97543
Telephone: 541.660.4623
E-Mail: fisherwild@aol.com
  *Pro se plaintiffs*

☐   by **CM/ECF**
☒   by **Electronic Mail**
☐   by **Facsimile Transmission**
☒   by **First Class Mail**
☐   by **Hand Delivery**
☐   by **Overnight Delivery**

          /s/ Pilar C. French
          Pilar C. French

CERTIFICATE OF SERVICE

116589.0374/5171004.1

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200