**Pilar C. French**, OSB No. 962880
frenchp@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone:  503.778.2100
Facsimile:  503.778.2200

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **REBECCA FISHER** and **TRAVIS FISHER,** | Case No. 11-CV-3093-CL |
| Plaintiffs, | |
| v. | Defendants'<br>MEMORANDUM IN SUPPORT OF<br>MOTION TO DISMISS |
| **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS")** a Delaware Corporation; | |
| **RECONTRUST COMPANY, N.A.** ("ReconTrust") a wholly owned subsidiary of Bank of America Corporation ("BAC") a Delaware Corporation, | |
| Defendants. | |

## I.  <u>INTRODUCTION</u>

Plaintiffs Rebecca and Travis Fisher sued to stop a nonjudicial foreclosure.  Defendants canceled the sale and rescinded the notice of default.  Consequently, the case is moot and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

PAGE 1 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

On August 12, 2011, Plaintiffs Rebecca and Travis Fisher ("Plaintiffs") filed a Complaint purporting to state claims for "wrongful foreclosure," declaratory judgment, and injunctive relief. All of these claims concern a nonjudicial foreclosure initiated by Defendant ReconTrust in Josephine County, Oregon.   On August 16, 2011, the Court issued an order temporarily restraining a nonjudicial foreclosure sale scheduled for August 31, 2011.   Defendants then canceled the nonjudicial foreclosure proceeding and, on September 7, 2011, ReconTrust recorded Rescission of Notice of Default (Josephine County, Document No. 2011-010189).   (*See* Declaration of Pilar C. French in Support of Memorandum Concerning Preliminary Injunctive Relief, Ex. 1. (Dkt. No. 11).)   Moreover, Defendants determined that they would not pursue further nonjudicial foreclosure proceedings, but would instead commence a judicial foreclosure action in state court.  (*Id.* ¶ 2.)

On September 14, 2011, the Court denied Plaintiffs' request for a preliminary injunction because Defendants had canceled the sale.

## II. <u>ARGUMENT</u>

A.    **Standard of Review**.

1.    **Fed. R. Civ. P. 12(b)(1).**   "Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek dismissal of an action from federal court for lack of subject matter jurisdiction." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000).   Plaintiffs have the burden of establishing jurisdiction.  *Id.* ("When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion").   A motion to dismiss a case as moot is properly brought pursuant to Fed. R. Civ. P. 12(b)(1).   *Gemtel Corp. v. Community Redevelopment Agency*, 23 F.3d 1542, 1544 (9th Cir. 1994).

PAGE 2 -    MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**B.    The Claims Against Defendants Are Moot Because the Nonjudicial Foreclosure Proceeding is No Longer Pending.**

It is a basic principle of Article III jurisprudence that a claim is moot when there is no longer a controversy between the parties.  See *Williams v. GSA*, 905 F.2d 308, 310–11 (9th Cir. 1990) ("the general rule [is] that when actions complained of have been completed or terminated, ... injunctive actions are precluded by the doctrine of mootness") (quoting *Nevada v. United States*, 699 F.2d 486, 487 (9th Cir. 1983)).  That is the case here.

In similar situations, Oregon federal courts have dismissed as moot causes of action arising from abandoned nonjudicial foreclosure proceedings.  For example, in *Delaney v. OneWest Bank, FSB*, No. 10-977-k1, 2011 U.S. Dist. LEXIS 48515 (D. Or. May 5, 2011), the court dismissed plaintiffs' claims that defendants lacked the authority to initiate a nonjudicial foreclosure, and it held that defendants' decision to initiate judicial foreclosure in lieu of nonjudicial foreclosure mooted plaintiffs' action.  *Id.* at *2-5; *see also McDaniel v. BAC Home Loans Servicing, LP*, No. 10-6143-HO, 2011 WL 3841588, (D. Or. Aug. 29, 2011) (granting motion to dismiss on mootness grounds where defendants rescinded notice of sale and filed judicial foreclosure); *Tabb v. One West Bank, FSB*, No. 3:10-CV-00855-ST at 16-17 (D. Or. Aug. 26, 2011) (where time for conducting nonjudicial foreclosure has expired, there is no existing controversy regarding the Notice of Default and Election to Sell and any action based on those documents is moot).  Other courts in this circuit have reached the same conclusion.  *See In re Mortgage Electronic Registration Systems (MERS) Litigation*, USDC MDL Dkt. No. 092119-JAT (D. Ariz., October 3, 2011) at 12 (dismissing claims of wrongful foreclosure under Oregon Trust Deed Act as moot where sale was rescinded).  *See Sakugawa v. MERS*, No. 10-00028, 2011 U.S. Dist. LEXIS 19368, at *6, 17-18 (D. Haw. Feb. 25, 2011) (granting defendant's motion to dismiss plaintiff's improper foreclosure claims on mootness grounds because defendant rescinded the notice of foreclosure and instituted judicial foreclosure proceedings); *see also Rafferty v. Chase Manhattan Mortg. Corp.*, No. 97-55345, 1998 U.S. App. LEXIS 10739, at

PAGE 3 -    MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

*2 (9th Cir. 1998) (unpublished) (holding an appeal of an order dismissing an improper nonjudicial foreclosure claim was moot because defendants rescinded the nonjudicial foreclosure proceedings).

This case is no different. Because the Notice of Default and Election to Sell has been rescinded, Plaintiffs' claims are moot. As the court lacks jurisdiction to hear a mooted claim, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) should be granted.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that Plaintiffs' Complaint be dismissed.

DATED: October 3, 2011

                      LANE POWELL PC


                      By___/s/ Pilar C. French_____
                          Pilar C. French, OSB No. 962880
                          Telephone: 503.778.2170
                      Attorneys for Defendants

PAGE 4 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 3, 2011, I caused to be served a copy of the foregoing MEMORANUM IN SUPPORT OF MOTION TO DISMISS on the following person(s) in the manner indicated below at the following address(es):

Rebecca and Travis Fisher
220 Newt Gulch Road
Wilderville, OR  97543
Telephone: 541.660.4623
E-Mail: fisherwild@aol.com
*Pro se plaintiffs*

☐    by **CM/ECF**
☒    by **Electronic Mail**
☐    by **Facsimile Transmission**
☒    by **First Class Mail**
☐    by **Hand Delivery**
☐    by **Overnight Delivery**

/s/  Pilar C. French
_____
Pilar C. French

PAGE 5 -    MEMORANDUM IN SUPPORT OF MOTION TO DISMISS