IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

REBECCA FISHER and TRAVIS FISHER,

Civ. No. 11-3093-CL

Plaintiffs,

REPORT & RECOMMENDATION

v.

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., ("MERS") a Delaware
Corporation; and RECONTRUST COMPANY,
N.A., ("ReconTrust") a wholly owned subsidiary
of Bank of America Corporation ("BAC") a
Delaware Corporation,

Defendants.

CLARKE, Magistrate Judge.

This matter comes before the court on defendants' motion (#16) to dismiss for lack of

subject matter jurisdiction.  For the reasons stated below, defendants' motion should be granted

and this case should be dismissed.

## BACKGROUND

This action arises out of a nonjudicial foreclosure proceeding initiated by defendant

ReconTrust.  On August 12, 2011, plaintiffs filed a Complaint (#1) alleging claims for wrongful

foreclosure, declaratory judgment, and seeking an injunction precluding ReconTrust from proceeding with the nonjudicial foreclosure sale then scheduled for August 31, 2011. On August 16, 2011, the court entered an order (#3) temporarily restraining ReconTrust from proceeding with the nonjudicial foreclosure and setting a hearing on plaintiff's request for a preliminary injunction.

On September 12, 2011, defendants filed a memorandum (#10) advising the court that the nonjudicial foreclosure proceeding had been terminated and a Rescission of Notice of Default had been filed September 7, 2011, in the Josephine County Recorder's Office, document number 2011-010189. Pursuant to this notice, the court denied (#14) plaintiff's request for a preliminary injunction as moot and canceled the hearing set in that matter.

On October 4, 2011, defendants filed a motion (#16) to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), arguing that the rescission of the nonjudicial foreclosure renders plaintiffs' claims moot. Plaintiffs' response in opposition to defendants' motion was due on October 21, 2011. As of the current date, plaintiffs have failed to either file or request an extension for filing their response. Defendants' motion to dismiss is therefore unopposed.

## STANDARD

The case or controversy requirement of Article III of the United States Constitution deprives federal courts of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70, 104 S.Ct. 373 (1983). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181 (1984). Mootness is thus a question of subject matter jurisdiction properly raised under Rule 12(b)(1). White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "A motion to dismiss for lack of subject matter jurisdiction may either attack the

allegations of the complaint or may be made as a 'speaking motion' attacking the existence of

subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d

730, 733 (9th Cir. 1979). In resolving a speaking motion, a court may consider attached exhibits

and weigh evidence to determine whether it has jurisdiction, as long as the jurisdictional facts are

not intertwined with the merits. *See* Kingman Reef Atoll Invs., L.L.C. v. U.S., 541 F.3d 1189,

1195 (9th Cir. 2008). The moving party "should prevail [on a motion to dismiss] only if the

material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a

matter of law." Casumpang v. Int'l Longshoremen's & Warehousemen's Union, 269 F.3d 1042,

1060-61 (9th Cir. 2001) (citation and quotation marks omitted).

## DISCUSSION

Plaintiffs' two foreclosure-related claims are moot because the Notice of Default was

rescinded and the foreclosure was not completed. Without a foreclosure, plaintiffs cannot plead

wrongful foreclosure based on alleged violations of Oregon's Trust Deed Act, O.R.S. § 86.705,

*et seq.* Moreover, defendants have elected to pursue judicial foreclosure proceedings in state

court and are therefore precluded from initiating another nonjudicial foreclosure proceeding. Or.

Rev. Stat. § 86.735(4); McDaniel v. BAC Home Loans Serv., LP, No. 10-6143-HO, 2011 WL

3841588, at *4 (D.Or. Aug. 29, 2011). Furthermore, where the nonjudicial foreclosure sale has

been rescinded, any claim for equitable relief is rendered moot Delaney v. OneWest Bank, FSB,

Civil No. 10-977-KI, 2011 WL 1706735, at *2 (D.Or. May 5, 2011) (claim for equitable relief

moot where statutory period for postponing nonjudicial foreclosure sale had passed and

defendants had initiated judicial foreclosure in state court); Tabb v. OneWest Bank, FSB, No.

3:10-cv-855-ST, 2011 WL 4448752, at *8 (D.Or. Aug. 26, 2011 (same). Accordingly,

defendants' motion to dismiss should be granted.

## RECOMMENDATION

For the reasons stated above, defendants' motion (#16) to dismiss should be GRANTED and this case should be DISMISSED.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by November 14, 2011. If objections are filed, any response to the objections is due by December 1, 2011.* See FED. R. CIV. P. 72, 6.

DATED this _____ day of October, 2011.

_____
MARK D. CLARKE
United States Magistrate Judge